UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN PALAZZOLO, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16-CV-00826 JAR |
| HARRIS-STOWE STATE UNIVERSITY, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand. (Doc. No. 4) The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

Plaintiff Steven Palazzolo alleges his employer, Defendant Harris-Stowe State University, terminated his employment based on his race and in retaliation for complaining about racial discrimination, and for taking leave under the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2601, *et seq*. Plaintiff filed suit in state court pursuant to the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.010 *et seq*, and the FMLA.[1] Defendants removed the action to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331, asserting Plaintiff's petition alleges a controversy "arising under" the FMLA. (Doc. No. 1 at ¶¶ 2-3)

Plaintiff alleges that for over ten years, he was the only white maintenance technician employed at Harris-Stowe. (Petition, Doc. No. 3 at ¶¶ 7-8) During that time, he was often

---

[1] Plaintiff names as defendants Harris-Stowe State University and University Board Members Ronald A. Norwood, Vanessa F. Cooksey, Reginald D. Dickson, Christine A. Chadwick, Debra A. Hollingsworth and Deborah Price.

1

physically threatened by his African-American co-employees and refused assistance with jobs requiring more than one person. (Id. at ¶¶ 9-10) Plaintiff complained to Harris-Stowe's human relations department and other supervisors about the racially discriminatory treatment he received but no corrective action was taken. (Id. at ¶ 11) Plaintiff was warned that if he sought legal advice or filed charges of racial discrimination, he would be terminated. (Id. at ¶ 12) Plaintiff suffered mental stress resulting from the racially discriminatory treatment by his African-American co-employees and sought medical help. (Id. at ¶ 13) His doctor instructed him to take medical leave. Plaintiff took FMLA leave for stress which was approved by Harris-Stowe. (Id. at ¶ 14)

On or about September 21, 2015, Plaintiff returned from his FMLA leave. (Id. at ¶ 15) On or about October 14, 2015, sod work was being performed at Harris-Stowe. The sod company gave Plaintiff permission to take the scrap sod. According to Plaintiff, it was common practice for maintenance employees to utilize scrap materials for their own use. (Id. at ¶¶ 16-19) Upon arriving at work on October 15, 2015, Plaintiff put the scrap sod in the back of his pickup truck and parked it on Harris-Stowe property; he did not remove the scrap from Harris-Stowe property. (Id. at ¶ 20) Harris-Stowe terminated Plaintiff for putting the scrap in the back of his pickup truck. (Id. at ¶ 21)

On May 23, 2016, Plaintiff filed a three-count petition in state court. In Count I (Racial Discrimination), Plaintiff alleges he was terminated because of his race. In Count II (Retaliation-Race), Plaintiff alleges he was terminated because he complained about racial discrimination. In Count III (Retaliation for Taking FMLA Leave), Plaintiff alleges Harris-Stowe retaliated against him for taking FMLA leave. Arguing that Plaintiff's petition asserts a claim under the FMLA, Defendants removed the matter to this Court.

**Legal standard**

"The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction." Peters v. Union Pacific R. Co., 80 F.3d 257, 260 (8th Cir. 1996) (citing 28 U.S.C. § 1441(b)). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)).

**Discussion**

Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Under the well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." Zampitella v. Walgreens Co., No. 4:16-CV-781 (CEJ), 2016 WL 3627290, at *2 (E.D. Mo. July 6, 2016) (quoting Vaden v. Discover Bank, 556 U.S. 49, 60 (2009)). See also, Baker v. Martin Marietta Materials, Inc., 745 F.3d 919, 923 (8th Cir. 2014); M. Nahas & Co. v. First National Bank of Hot Springs, 930 F.2d 608, 611 (8th Cir. 1991). A complaint that merely references federal law does not justify federal question jurisdiction, as "jurisdiction 'may not be sustained on a theory the plaintiff has not advanced.' " Zampitella, 2016 WL 3627290, at *2 (quoting Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 810 (1986)). Removal of a complaint setting forth state law claims is proper under the well-

3

pleaded complaint rule where (1) federal law completely preempts a plaintiff's state-law claim, or (2) an issue of federal law is a necessary and central element of plaintiff's state law claims. Mabe v. Golden Living Ctr.-Bransom, No. 07-03268-CV-S-FJG, 2007 WL 3326857, at *3 (W.D. Mo. Nov. 6, 2007) (citing Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir. 1996), and Bellido-Sullivan v. American Int'l Group, Inc., 123 F. Supp. 2d 161, 164 (S.D.N.Y. 2000)).

Citing Mabe, 2007 WL 3326857, Plaintiff argues the FMLA does not completely preempt state law claims, and that an FMLA claim can be brought in either state or federal court. (Doc. No. 4 at 2-3) In Mabe, the plaintiff alleged claims of negligent supervision and retention, assault and battery, and negligent infliction of emotional distress. In support of her claim for negligent infliction of emotional distress, plaintiff asserted that defendants violated the FMLA by denying her time off work based on a doctor's recommendation. 2007 WL 3326857, at *1. Defendants removed the action from state court to federal court based on federal question jurisdiction and plaintiff filed her motion to remand. After finding the complete preemption exception did not apply to the case, id. at *4, the court in Mabe went on to consider whether plaintiff's FMLA claim was a "necessary and central" element of her cause of action, id. at *5. The court found it was not, noting that the only reference to any federal claim in plaintiff's petition was the reference to an FMLA violation in support of her emotional distress claim. Further, she did not list the FMLA claim as a separate cause of action in the petition. Lastly, the FMLA violation was not the only allegation she offered in support of her emotional distress claim; she also alleged harassment. Id. Accordingly, the Mabe court remanded the case to state court.

Unlike in Mabe, Plaintiff's state court petition states a federal question claim in addition to the claims brought under state law. Not only does Plaintiff state on the face of his petition that his action is brought under the FMLA, see Petition at ¶ 5, he actually asserts a separate count alleging that Defendants' actions were in retaliation for his taking FMLA leave, see Petition at ¶¶ 30-34.[2] The FMLA prohibits employers from discriminating against an employee for asserting his rights under the Act. Stallings v. Hussmann Corp., 447 F.3d 1041, 1051 (8th Cir. 2006) (citing Darby v. Bratch, 287 F.3d 673, 679 (8th Cir. 2002) (citing 29 U.S.C. § 2615(a)(2)). "This prohibition necessarily includes consideration of an employee's use of FMLA leave as a negative factor in an employment action." Id. "Basing an adverse employment action on an employee's use of leave ... is therefore actionable." Id. (quoting Smith v. Allen Health Sys., Inc., 302 F.3d 827, 832 (8th Cir. 2002)). The presence of a single federal claim gives the defendant the right to remove an entire case to federal court. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 9 (2003); Pet Quarters, Inc. v. Depository Trust & Clearing Corp., 559 F.3d 772, 779 (8th Cir. 2009); Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir. 1996). Because a district court has no discretion to remand a claim that states a federal question, see Dorsey, 88 F.3d at 542 (internal citations omitted), Plaintiff's motion to remand will be denied.

**Other pending motions**

On June 24, 2016, Defendants Ronald A. Norwood, Vanessa Cooksey, Reginald Dickson, Christine Chadwick, Debra A. Hollingsworth and Deborah Price filed a Motion to Dismiss. (Doc. No. 10) To date, Plaintiff has not responded to the motion.[3] The Court will direct

---

[2] To establish a prima facie case of FMLA retaliation, an employee must show that (1) he took an FMLA leave; (2) suffered a materially adverse employment action; and (3) the materially adverse decision was causally related to the leave. Chappell v. Bilco Co., 675 F.3d 1110, 1117 (8th Cir. 2012).

[3] Pursuant to E.D. Mo. L.R. 4.01, a party opposing a motion must file a memorandum in opposition within seven (7) days after being served with the motion.

Plaintiff to file a response to Defendants' motion within fourteen (14) days from the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [4] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a response to Defendants' Motion to Dismiss no later than **Monday, August 1, 2016**.

Dated this 18th day of July, 2016.

                                                  _____
                                                  **JOHN A. ROSS**
                                                  **UNITED STATES DISTRICT JUDGE**