# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN PALAZZOLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-00826 JAR |
| | ) | |
| HARRIS-STOWE STATE UNIVERSITY, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion to Dismiss filed by Defendant University Board Members Ronald A. Norwood, Vanessa F. Cooksey, Reginald D. Dickson, Christine A. Chadwick, Debra A. Hollingsworth and Deborah Price. (Doc. No. 10) The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted.

**Background**

Plaintiff Steven Palazzolo alleges his employer, Defendant Harris-Stowe State University, terminated his employment based on his race and in retaliation for his complaints of racial discrimination, and for taking leave under the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2601, *et seq*. He filed a charge of discrimination with the Equal Employment Opportunity Commission on October 28, 2015, naming only Harris-Stowe State University in the charge. (See Doc. No. 11-1) On May 23, 2016, Plaintiff filed suit in state court, naming as defendants Harris-Stowe State University and the University's Board Members. Defendants timely removed the action to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. (Doc. No. 1) The Board members argue that Plaintiff's suit against them should be dismissed because he failed to exhaust his administrative remedies against them by naming

1

them in his charge of discrimination and obtaining a right to sue (Doc. No. 11 at 1-2), and because his claims against them in their official capacity are redundant to those against the University (id. at 2-3).

**Discussion**

Plaintiff's failure to specifically name the individual Board members in his administrative charge is not fatal to his claim as Defendants contend. See Hill v. Ford Motor Co., 324 F. Supp. 2d 1028, 1034 (E.D. Mo. 2004). Nevertheless, Plaintiff has not specified whether he is suing the Board members in their official or individual capacities, or both. In fact, the complaint contains no allegations of any action(s) taken by individual Board members. Thus, the Court construes the complaint as stating only official-capacity claims against the Board members. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). A suit against a public employee in his or her official capacity is merely a suit against the public employer. See Kentucky v. Graham, 473 U.S. 159, 165 (1985); Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997). Because Plaintiff's claims against the defendant Board members are redundant to his claims against the University, see Artis v. Francis Howell North Band Booster Ass'n Inc., 161 F.3d 1178, 1182 (8th Cir. 1998), the Court will grant their motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [10] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter will be set for a Rule 16 Conference by separate order.

Dated this 18th day of August, 2016.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**